Benjamin Zipper, J.
This is a special proceeding commenced by a Shopping Center to recover possession of its property from the .respondent. The respondent parks his station wagon on the parking lot owned by the petitioner on Sundays, in the vicinity of Twin Theaters on the said premises, and sells newspapers by using newsboys.
A 10-day notice to quit the premises has been served on the respondent who is alleged to be a squatter on the premises.
The respondent raises two arguments by way of motions to dismiss petition. The respondent argues that the parking field is quasi-private or quasi-public, and was erected for parking vehicles. The argument has no substance since it is still private land and subject to the control of the owner. The motion is accordingly denied.
The respondent argues that he occupies no tangible real property. This specious argument is rejected and the motion is *562 denied. A squatter proceeding may be commenced even if an antenna protrudes on a landlord’s property (See 2 Rasch, Landlord and Tenant [1966 Supp.], § 1162A).
The respondent further argues that in 1964 the owner’s agent, a Mr. Winter, gave him an indefinite license to sell papers.' Mr. Winter denied this license to the respondent. In any event, the license would be revoked by the 10-day notice. (See Real Property Actions and Proceedings Law, § 713, subd. 7.)
This is a clear case of a squatter using petitioner’s valuable real estate for the sole purpose of his own financial gain; without any compensation to the owner.
The motion of the petitioner for judgment is granted, and a final judgment awarding possession of the premises to the petitioner is granted without a stay.